**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KIERA JONES, BYRON SIMPSON, MAYRITTA BROWN, and LAVORN GOODE, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>PALISADES INSURANCE COMPANY and HIGH POINT PROPERTY AND CASUALTY INSURANCE COMPANY, *New Jersey Corporations*,<br><br>Defendants. | Civil Action No. 2:22-cv-5156-(EP) (SDA)<br><br>Hon. Stacey D. Adams<br><br>**OPINION AND ORDER ON PLAINTIFFS' MOTION TO AMEND**<br><br>April 27, 2026 |

**STACEY D. ADAMS, UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court on a Motion for Leave to File a Third Amended Complaint (the "Motion") filed by Plaintiffs Kiera Jones, Byron Simpson, Mayritta Brown, and Lavorn Goode, individually and on behalf of all others similarly situated, (collectively, "Plaintiffs") (ECF No. 98). Defendants Palisades Insurance Company ("Palisades") and High Point Property and Casualty Insurance Company ("High Point") (together, "Defendants") opposed the Motion (ECF No. 101), and Plaintiffs then filed a reply (ECF No. 102). Oral argument was heard on January 21, 2026. (ECF No. 108). This motion asks whether a party should be permitted to amend the complaint to add new or previously omitted claims when an intervening change in law precludes class certification on the existing claim. The Court answers this question in the affirmative.

## RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### I.    Factual Background

Plaintiffs filed this putative class on behalf of a class of drivers alleging that Defendants, their automobile insurance carriers, systemically underestimated the actual cash value ("ACV") of their totaled vehicles. (ECF No. 43). Specifically, Plaintiffs allege that Defendants, through a third-party vendor, Mitchell International Inc. ("Mitchell"), used a valuation methodology that included a projected sold adjustment ("PSA") that reduced the ACV to account for the fact that consumers often negotiate down from the advertised price when purchasing a used car. (*Id.* ¶¶ 1-7, 27). Plaintiffs allege this adjustment "violates appraisal standards and methodologies and is not based in fact because it is contrary to the used car industry's market pricing and inventory management practices." (*Id.* ¶ 4). In short, Plaintiffs claim Defendants systematically undervalued their vehicles when compensating them for a total loss.

Among other defenses, Defendants claim that the software used by Mitchell was expressly approved by insurance regulators in New Jersey, Pennsylvania, and New York. (ECF No. 34). They also allege that Plaintiffs did not avail themselves of the available appraisal process if they disagreed with the loss valuation. (*Id.*).

### II.    Procedural History

On August 22, 2022, Plaintiff Kiera Jones ("Jones"), a Pennsylvania resident, commenced this action on behalf of a putative class against Palisades. (ECF No. 1). The original complaint had three counts: (i) breach of contract; (ii) breach of the covenant of good faith and fair dealing; and (iii) declaratory judgment. (*Id.*). Plaintiffs filed an Amended Complaint on November 7, 2022 adding New York Plaintiff Mayritta Brown ("Brown") and New Jersey Plaintiffs Byron Simpson ("Simpson") and Lavorn Goode ("Goode"). (ECF No. 13). It also added High Point as a Defendant. (*Id.*). The Amended Complaint asserted the same three claims as the original complaint and

2

identified three proposed classes: a Pennsylvania class, a New York class, and a New Jersey class. (*Id.*).

Importantly, on January 5, 2022, prior to his addition as a Plaintiff in this case, Brown filed a separate action against Palisades in the Southern District of New York alleging, *inter alia*, claims under the New York General Business Law ("NYGBL") § 349. *See Brown v. Palisades Ins. Co.*, 7:22-cv-94, ECF No. 1 (S.D.N.Y. January 5, 2022). Brown voluntarily dismissed that case following a pre-motion conference wherein the presiding Judge purportedly expressed doubts as to whether the use of the Mitchell software was deceptive. (ECF No. 101, "Def. Opp." at 12-13 (citing *Brown v. Palisades Ins. Co.*, 7:22-cv-94, ECF No. 25 (S.D.N.Y. April 22, 2022))). When Brown joined the instant action and a New York putative class was added, the NYGBL claim was intentionally omitted from the Amended Complaint. (ECF No. 13).

Equally important, Plaintiffs made the strategic decision not to include a claim under the New Jersey Consumer Fraud Act ("NJCFA") at the time they filed both the initial and Amended Complaints, even though Plaintiffs' counsel was clearly aware of the availability of this claim, having asserted it in two factually identical cases against different insurance carriers. *See Hobson v. Hartford Ins. Co. of the Midwest*, No. 21-cv-20696, 2022 WL 4536470 (D.N.J. Sept. 28, 2022); *Petri v. Drive N.J. Ins. Co.*, No. 21-cv-20510, 2022 WL 4483437 (D.N.J. Sept. 26, 2022). In each of these cases, the NJCFA claims were dismissed by the Court, which undoubtedly explains Plaintiffs' decision to omit the NJCFA claim in the instant action. *Id.*

Defendants responded to the Amended Complaint by filing a motion to dismiss (ECF No. 32), but were reminded of their obligation to file a pre-motion letter in accordance with District Judge Evelyn Padin's preferences. (ECF No. 33). In Defendants' pre-motion letter, they argued that Plaintiffs could not maintain a claim for breach of the covenant of good faith and fair dealing

3

because (i) it was predicated on the exact same conduct as their breach of contract claim; (ii) Plaintiffs failed to properly plead bad faith or malicious motive; and (iii) such a claim was not recognized as a stand-alone claim under Pennsylvania law. (ECF No. 34 (*citing Hahn v. OnBoard LLC*, No. 09-cv-3639, 2009 WL 4508580, at *6 (D.N.J. Nov. 16, 2009) and *Fleisher v. Phoenix Life Ins. Co.*, 858 F.Supp. 2d 290, 299 (S.D.N.Y. 2012)))). Judge Padin held a conference on January 31, 2023, after which she afforded Plaintiffs the opportunity to amend the complaint. (ECF No. 42).

Plaintiff filed their Second Amended Complaint on February 15, 2023 (ECF No. 43). The Second Amended Complaint dropped the claims for breach of the covenant of good faith and fair dealing and declaratory judgment entirely, and instead asserted a single count for breach of contract. (*Id.*). According to Plaintiffs, they did this "[t]o address the Court's concerns about the implied covenant claim being duplicative of the breach of contract claim." (ECF No. 98 "Pl. Br." at 7). According to Defendants, Plaintiffs removed the two counts because, at the conference "Judge Padin opined that Plaintiffs' good faith and fair dealing claims would likely fail under New Jersey law based on her opinion in a nearly identical case, *Hobson…* and Judge O'Hearn's opinion in *Petri*." (Def. Opp. at 6). Plaintiffs did not explain why they dropped the declaratory judgment claim. (*See* Pl. Br. at 7). It should be noted that Plaintiffs again did not seek to add either a NJCFA claim or a NYGBL claim to their Second Amended Complaint. (ECF No. 43). When questioned about this during oral argument for the instant Motion, Plaintiffs' counsel candidly explained that they made a tactical decision not to include these claims to avoid complicated motion practice when they believed the breach of contract claim provided a sufficient remedy. What they did not know at the time was that they would later be precluded from seeking class certification on the breach of contract claim.

4

Defendants filed an answer to Plaintiffs' Second Amended Complaint on June 13, 2023. (ECF No. 61). The parties submitted a proposed joint discovery plan (ECF No. 52) and began discovery. The Initial Pretrial Scheduling Order set deadlines of October 23, 2023 to amend or add parties, January 15, 2024 for the close of fact discovery, January 29, 2024 for affirmative expert reports, and April 5, 2024 for responsive expert reports. (ECF No. 60). In advance of the October 23, 2023 deadline, the parties advised the Court that they did not intend to amend the pleadings. (ECF No. 67 at 2). As discovery progressed, the Court granted the parties' request to extend the expert disclosure deadlines and set a schedule for a class certification motion. (ECF Nos. 76, 77).

On February 12, 2024, Plaintiffs filed a motion for class certification. (ECF No. 80). Shortly thereafter, on February 16, 2024, Defendants filed a motion to stay pending the Third Circuit's ruling on an appeal in a similar case, *Drummond v. Progressive Specialty Ins. Co.*, No. 21-cv-4479, 2023 WL 5181596 (E.D. Pa. Aug. 11, 2023), because the decision might substantially impact class certification in this case. (ECF No. 83-2 at 5, 9). On March 25, 2024, then-Magistrate Judge Edward Kiel granted Defendants' motion to stay, finding there were enough similarities between the two cases that the Third Circuit's resolution of *Drummond* was likely to provide significant guidance in this matter. (ECF No. 87). He therefore administratively terminated the motion to certify class, administratively closed the case, and directed the parties to notify the Court as to the status of the appeal. (*Id.*).

On July 7, 2025, the Third Circuit issued its decision in *Drummond v. Progressive Specialty Ins. Co.*, 142 F.4th 149, 152 (3d Cir. 2025). The Third Circuit reversed the district court's decision granting class certification and held that "whether Progressive undercompensated each class member is an individual issue incapable of proof on a class-wide basis." *Id.* at 152. The Court

5

added, "because that individual issue is the dispositive question of Progressive's liability for breach of contract," common issues do not "predominate over individual ones." *Id.*

The parties notified the Court of the decision on July 10, 2025 and requested that the Court continue the stay until the Court of Appeals issued its mandate and *Drummond* became final. (ECF No. 91). At a status conference on August 11, 2025, Plaintiffs' counsel expressed a desire to file a Third Amended Complaint in light of the *Drummond* decision. (ECF No. 93). The Undersigned ordered Plaintiffs to provide a draft of the proposed amended complaint to Defendants and, if they did not consent, granted leave to file a motion to amend. (ECF No. 93). The instant Motion ensued.

## III.    Plaintiffs' Proposed Third Amended Complaint

Plaintiffs' proposed Third Amended Complaint seeks to (i) remove the Pennsylvania Class and instead bring a breach of contract claim under Pennsylvania law solely on behalf of Plaintiff Jones as an individual; (ii) provide additional factual detail as to why Defendants' conduct violates New York and New Jersey law; (iii) add a count for breach of the implied covenant of good faith and fair dealing on behalf of Plaintiffs Simpson, Goode, and the New Jersey class (Count 2); (iv) add a count for violation of NJCFA on behalf of Plaintiffs Simpson, Goode, and the New Jersey Class (Count 3); (v) add a count for breach of contract under New York law on behalf of Plaintiff Brown individually (Count 4); and (vi) add a claim for violation NYGBL § 349 on behalf of Plaintiff Brown and the New York class (Count 5).

## LEGAL STANDARD

"The threshold issue in resolving a motion to amend" is to determine whether it is governed by Rule 15 or Rule 16 of the Federal Rules of Civil Procedure. *Holmes v. Christie*, No. 16-cv-1341 (ES) (MAH), 2023 WL 8016055, at *2 (D.N.J. Nov. 17, 2023) (internal citations omitted). "[O]nce the pretrial scheduling order's deadline for filing motions to amend the pleadings has passed, a

6

party must, under Rule 16(b), demonstrate good cause for its failure to comply with the scheduling order before the trial court can consider, under Rule 15(a), the party's motion to amend its pleading." *Price v. Trans Union, LLC*, 737 F. Supp. 2d 276, 279 (3d Cir. 2010) (internal quotations and citations omitted); *see also Premier Comp Sols., LLC v. UPMC*, 970 F. 3d 316, 319 (3d Cir. 2020); *Wag Acquisition LLC v. Gattyan Grp. S.A.R.L.*, No. 14-cv-2832 (ES), 2020 WL 5105194, at *2 (D.N.J. Aug. 31, 2020); *Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 468-69 (D.N.J. 1990). Here, there is no dispute that Plaintiffs filed this application after the October 23, 2023 deadline to amend expired. (ECF No. 60). Thus, the Court must first assess the application under the heightened requirements of Fed. R. Civ. P. 16.

Under Fed. R. Civ. P. 16(b)(4), once a scheduling order has been entered, it may be modified "only for good cause and with the judge's consent." Whether "good cause" exists depends on a party's diligence. *Premier Comp*, 970 F. 3d at 319. "Good cause requires that a party demonstrate that an existing schedule cannot be met despite the diligence of the party seeking the extension." *Eagle View Techs., Inc. v. Xactware Sols., Inc.*, No. 15-cv-7025 (RBK) (JS), 2018 WL 2464499, at *3 (D.N.J. May 31, 2018) (citing Fed. R. Civ. P. 16, Advisory Committee Note on Subdivision (b)); *see also Harbor Laundry Sales, Inc. v. Mayflower Textile Servs. Co.*, No. 09-cv-6259 (NLH), 2011 WL 6303258, at *3 (D.N.J. Dec. 16, 2011) ("[T]he moving party must show that, despite its diligence, the deadlines set forth in the scheduling order could not reasonably be met.") (citing *GlobespanVirata, Inc. v. Tex. Instruments Inc.*, No. 03-cv- 2854 (GEB), 2005 WL 1638136, at *3 (D.N.J. July 12, 2005)).

If a moving party meets its burden under Fed. R. Civ. P. 16, the Court must then assess the application under the more liberal standard of Fed. R. Civ. P. 15(a). The Third Circuit has adopted a "liberal" approach to amendments of pleadings. *DLJ Mortg. Cap., Inc. v. Sheridan*, 975 F.3d 358,

7

369 (3d Cir. 2020). A motion to amend may be denied only where there is (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; (4) repeated failures to cure deficiencies; or (5) futility of amendment. *Grayson v. Mayview State Hosp.*, 293 F. 3d 103, 108 (3d Cir. 1984).

## ANALYSIS

### I.    Fed. R. Civ. P. 16

As previously noted, Plaintiffs' deadline for amendment passed on October 23, 2023. (ECF No. 60). Accordingly, Plaintiffs must first show that good cause exists under Fed. R. Civ. P. 16(b)(4). Whether "good cause" exists depends on a party's diligence. *Premier Comp*, 970 F. 3d at 319. Demonstrating due diligence, in turn, hinges on "whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the motion to amend before the deadline expired." *Sabatino v. Union Twp.*, No. 11-cv-1656 (JLL), 2013 WL 1622306, at *4 (D.N.J. Apr. 15, 2013). "Specifically, to demonstrate 'good cause' pursuant to Rule 16, the moving party must show that, despite its diligence, the deadlines set forth in the scheduling order could not reasonably be met." *Rx ReLeaf LLC v. Relief TMS LLC*, No. 23-cv-3551 (MAS) (JBD), 2024 WL 4894768, at *2 (D.N.J. Nov. 26, 2024) (citation omitted). "The mere absence of prejudice to the non-moving party does not constitute 'good cause' under Rule 16." *Id.*

In their motion, Plaintiffs argue that there is good cause under Rule 16(b) to permit amendment because there was an intervening change in controlling law as a result of the Third Circuit's decision in *Drummond*. (Pl. Br. at 10-12). Plaintiffs allege that when the deadline to amend expired in October 2023, they reasonably believed the breach of contract claim provided a viable basis for class certification based upon the only decision in this Circuit addressing this issue. (*Id*. at 11 (citing *Drummond v. Progressive Specialty Ins. Co.*, No. 21-cv-4479, 2023 WL 5181596

(E.D. Pa. Aug. 11, 2023))). It was only after the deadline to amend expired, and after a 16-month stay of this case, that Plaintiffs learned, for the first time, that they would not be able to obtain class certification for their breach of contract claim. They argue this amounts to a substantive change in the law that warrants them being able to proceed under alternate theories.

In support of their position, Plaintiffs rely heavily on Magistrate Judge Almonte's Order in *Muhammad v. State Farm Indemnity Company*, No. 2:22-cv-06149 (MEF) (JRA) (ECF No. 86) (D.N.J. Oct. 6, 2025), which permitted an amendment under virtually identical circumstances following the *Drummond* decision. (ECF No. 102, Ex. 1). Like the instant case, *Muhammad* was stayed pending the Third Circuit's decision in *Drummond*. The plaintiff in *Muhammad* initially brought claims for breach of contract and breach of good faith and fair dealing against State Farm Insurance. Following *Drummond*, plaintiff sought to add a new class representative and assert claims for violation of the NJCFA, fraudulent concealment, and unjust enrichment. *Muhammad*, No. 2:22-cv-06149 (MEF) (JRA) (ECF No. 81). Judge Almonte found that plaintiff had shown good cause under Rule 16 to amend because "the Court declin[ed] to find that Plaintiff possessed the knowledge necessary to file the instant Motion prior to the deadline as the Third Circuit had not issued its ruling in *Drummond*, which both parties admit[ted] impact[ed] the . . . matter" *Muhammad*, No. 2:22-cv-06149 (MEF) (JRA) (ECF No. 86).

Plaintiffs explain that their decision to remove the entire Pennsylvania class with their current amendment shows that the proposed amendment is based on a principled application of the law to the established facts, and is not for any improper or dilatory purpose. (Pl. Br. at 10). Plaintiffs point out that they are duty bound to adequately represent the interests of the New York and New Jersey classes by asserting causes of action which – unlike the breach of contract claim – may still be ripe for certification under Rule 23, despite *Drummond*. (*Id.* at 4, 16-17).

In response, Defendants argue that Plaintiffs fail to demonstrate good cause because the proposed claims are not premised on any newly discovered facts or change in governing law. (Def. Opp. at 10). *Drummond* speaks only to class certification of the breach of contract claim; it says nothing about the viability of that claim on an individual basis, nor does it touch upon the NJCFA, NYGBL, or implied covenant claims. (*Id.* at 17). Defendants emphasize that Plaintiffs were aware of all these claims at the outset of the case and made the tactical decision not to assert them. (*Id.* at 11, 17). Defendants feel it would be unfair to allow Plaintiffs to now add these claims when fact discovery is complete, expert discovery has virtually concluded, and more than three years have passed since the filing of the complaint. Plaintiffs can still pursue their existing breach of contract claims on an individual basis, they simply cannot obtain class certification. (*Id.* at 17-18). Defendants' argument appears to be that the inability of Plaintiffs to pursue class certification on the breach of contract claim, alone, does not constitute good cause to amend this far into the case. (*Id.*).

Here, there is no dispute that the Third Circuit's ruling in *Drummond* impacts this matter. Indeed, this case was stayed for 16 months while the Court awaited the Third Circuit's decision. Clearly, Plaintiffs did not possess the knowledge necessary to file the instant Motion prior to the October 23, 2023 scheduling order deadline, because the *Drummond* decision was not issued until July 7, 2025. Once it was issued, Plaintiffs acted promptly: they advised the Court of the decision within three days (ECF No. 91) and notified the Court of their intent to amend at a status conference held shortly thereafter on August 11, 2025 (ECF No. 93). Under these circumstances, the Court finds that Plaintiffs acted diligently and that the intervening change in law created by *Drummond* constitutes good cause for the late amendment.

This analysis is not impacted by the fact that Plaintiffs (i) previously asserted – and then voluntarily dismissed – the implied covenant claim, and (ii) initially chose not to advance the NJCFA or NYGBL claims. With respect to the implied covenant claims, a voluntarily dismissal *without prejudice* does not operate as a bar to later re-asserting this claim. *See, e.g.*, *In re Jamuna Real Est., LLC*, 460 B.R. 661, 669 (Bankr. E.D. Pa. 2011) (agreeing with plaintiff that "an amendment which drops a claim does not forever preclude reinstating that claim"); *Deeley v. Genesis Healthcare Corp.*, No. 10-cv-1242, 2011 WL 1162204, at *2 n. 3 (E.D. Pa. Mar. 25, 2011) (withdrawal of claim was tantamount to a dismissal without prejudice, and not a binding waiver of the claim); *Haddock v. Nationwide Fin. Servs. Inc.*, 514 F. Supp. 2d 267, 272-73 (D. Conn. 2007) (finding plaintiff did not impliedly waive a claim included in its original complaint but omitted from subsequent complaints). Further, although a tactical decision was made by Plaintiffs' counsel not to initially advance these claims, they were diligent in pursuing this amendment following an intervening change in law. *Contrast Wazee St. Opportunities Fund IV LP v. Fed. Hous. Fin. Agency*, No. 18-cv-03478, 2025 WL 1106068, at *1 (E.D. Pa. Apr. 14, 2025) (denying a motion to amend due to unjustified delay when plaintiff waited more than three years following a Supreme Court decision to seek amendment); *Berk v. Ritz Carlton Condo. Ass'n*, No. 19-cv-20666 (NLH) (MJS), 2021 WL 5277459, at *3 (D.N.J. Nov. 12, 2021) (denying motion to amend brought one year after the scheduling deadline where amendment was not based on any new facts or information but, rather, on plaintiff's belief that her chosen legal theory might not be tenable); *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (affirming district court's denial of plaintiffs' motion to amend where the only reason for delay in amendment was misplaced confidence in their original theory, which was thrown out on summary judgment).

Defendants' reliance on *Fernandez v. City of Jersey City*, No. 06-cv-0503 (DMC), 2007 WL 2908247, at *2 (D.N.J. Oct. 2, 2007) for the proposition that "if an amended complaint omits claims raised in the original complaint, the plaintiff generally has waived those omitted claims" is misplaced. (Def. Opp. at 12). The facts of *Fernandez* are distinguishable from the present situation. In *Fernandez*, a pro-se plaintiff filed an amended complaint that inadvertently failed to incorporate certain claims that were in his initial complaint. *Id.* at *1. The Court gave plaintiff the opportunity to cure the deficiencies, but he failed to do so. *Id.* at *2. The Court then granted defendants' motion to dismiss because plaintiff had removed them as a party when he filed the amended complaint, which he failed to cure. *Id.*

Plaintiffs previously believed – based on both the *Drummond* decision at the District Court level and numerous other cases in federal courts throughout the country – that they had a viable class-wide breach of contract claim, so they chose not to burden the Court with alternate theories of relief that might result in protracted motion practice. *See Drummond*, 2023 WL 5181596 (E.D. Pa. Aug. 11, 2023) (holding that similar claims for breach of contract were capable of class certification); (ECF No. 81 at 1 n.1). Now that the Third Circuit's decision in *Drummond* has foreclosed Plaintiffs' ability to seek class certification for breach of contract, they seek to proceed under alternate theories.

Defendants argue that, because Plaintiffs can still pursue their breach of contract claims on an individual basis following *Drummond*, they lack good cause to amend. The Court disagrees. In support of this argument, Defendants rely on cases where amendment was disallowed because the moving party had possession of the facts underlying the proposed new claims before the amendment deadline. (Def. Opp. at 10 (citing *Dimensional Commc'ns., Inc. v. Oz Optics, Ltd.*, 148 F. App'x 82, 85 (3d Cir. 2005); *Hildebrand v. Dentsply Int'l, Inc.*, 264 F.R.D. 192, 198 (E.D. Pa.

2010))). Here, Plaintiffs do not ask to amend on the basis of newly discovered facts – rather, they seek to amend based upon a change in the governing law that impacts their ability to seek class certification, a change they were not aware of until after the *Drummond* decision. *See United States v. Kramer*, No. 89-cv-4340 (JBS), 2009 WL 2339341, at \*5 (D.N.J. July 27, 2009) ("Leave to file an amended pleading is frequently granted where developments in the law occurring after the original pleading was filed have a bearing upon the claims and defenses in a case.").

The Court is further guided by Judge Almonte's decision in *Muhammad v. State Farm Indemnity Company*, No. 2:22-cv-06149 (MEF) (JRA) (ECF No. 86) (D.N.J. Oct. 6, 2025). Both *Muhammad* and this case were stayed pending the Third Circuit's resolution of an appeal from the order granting class certification in *Drummond*. The plaintiff in *Muhammad* initially brought claims for breach of contract and breach of good faith and fair dealing against State Farm Insurance. Following *Drummond*, the plaintiff in *Muhammad* sought to add a new class representative and assert claims for violation of the NJCFA, fraudulent concealment, and unjust enrichment. *Muhammad*, No. 2:22-cv-06149 (MEF) (JRA) (ECF No. 81). Judge Almonte found good cause to amend because "the Court declin[ed] to find that Plaintiff possessed the knowledge necessary to file the instant Motion prior to the deadline as the Third Circuit had not issued its ruling in *Drummond*, which both parties admit[ed] impact[ed] the . . . matter" *Muhammad*, No. 2:22-cv-06149 (MEF) (JRA) (ECF No. 86).

Therefore, the Court concludes that there was an intervening substantive change in the law that warrants the amendment, Plaintiffs exercised due diligence to amend their complaint after learning of the *Drummond* decisions, and Plaintiffs did not waive their ability to pursue to implied covenant claim simply because they did not assert these alternate theories of relief earlier. The Court therefore finds that Plaintiffs have satisfied the good cause standard under Rule 16.

13

## II.    Fed. R. Civ. P. 15

Having found that Plaintiffs' application satisfies Rule 16, the Court must now turn to the Rule 15 factors. As mentioned above, in determining whether to amend, the court must assess five factors: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; (4) repeated failures to cure deficiencies; or (5) futility of amendment.

### a.    Undue Delay, Bad Faith, and Dilatory Motives

The Court addresses the first two factors together. Defendants argue that Plaintiffs have chosen to litigate this and related matters in an unprincipled and contradictory fashion, which amounts to undue delay and bad faith. (Def. Opp. at 14-17). Specifically, Defendants allege that Plaintiffs have already amended their complaint multiple times, that the NYGBL and NJCFA claims could have been asserted at the outset but were deliberately omitted, and that the implied covenant claim was previously included but selectively dropped. (*Id.*).

"The question of undue delay, as well as the question of bad faith, requires that we focus on the plaintiffs' motives for not amending their complaint to assert this claim earlier." *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984). "The passage of time, without more, does not require that a motion to amend a complaint be denied; however, at some point, the delay will become 'undue,' . . . placing an unfair burden on the opposing party." *Id.* (citations omitted); *see also Cureton*, 252 F.3d at 273. Undue delay is one "that is protracted and unjustified," and "can indicate a lack of diligence sufficient to justify a discretionary denial of leave." *Mullin v. Balicki*, 875 F.3d 140, 151 (3d Cir. 2017). Bad faith focuses on the motives of the moving party for not amending a pleading sooner. *Zelma v. Choice Energy, LLC*, No. 19-cv-17535 (CCC) (MF), 2020 WL 5201341, at *2 (D.N.J. Sept. 1, 2020).

14

The Court does not find that Plaintiffs unduly delayed or are acting in bad faith in seeking to file the Third Amended Complaint. Although Plaintiff had two prior amendments, the first amendment was filed shortly after the initial pleading, and added Plaintiffs from two additional states and a new Defendant. (ECF No. 13). The Second Amended Complaint was prompted by Defendants' threatened motion to dismiss and was intended to avoid motion practice and streamline the case. (ECF No. 43). Indeed, one could argue that Plaintiffs' conduct in voluntarily dismissing the implied covenant claim at that time, rather than forcing protracted motion practice, was an act of good faith meant to promote judicial efficiency.

Nor was there undue delay. Plaintiffs promptly requested leave to amend upon issuance of the Third Circuit's decision in *Drummond* decision. Plaintiffs could not have known prior to July 7, 2025 that they would be precluded from obtaining class certification on their breach of contract claim. Although there was a 16 month stay while the Court awaited the Third Circuit's decision in *Drummond*, this was not the fault of Plaintiffs. It was the Court's decision to stay the case knowing that the *Drummond* decision might significantly impact this case – which indeed proved to be true.

### b.    Undue Prejudice

Undue prejudice requires the Court to assess whether the amendment will create an undue hardship on the non-moving party. *See Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) ("[P]rejudice to the non-moving party is the touchstone for the denial of an amendment") (quoting *Cornell & Co. v. Occupational Safety & Health Rev. Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)); *Cureton*, 252 F.3d at 273 (in deciding a motion for leave to amend, the court should "focus on the hardship to the [non-moving party] if the amendment were permitted") (citing *Adams*, 739 F.2d at 868). In evaluating prejudice, the court should consider "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories."

*Cureton*, 252 F.3d at 273; *see also Major Tours, Inc. v. Colorel*, 720 F. Supp. 2d. 587, 614 (D.N.J. 2010) ("Prejudice may involve requiring the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delaying the resolution of the dispute."); *Joy v. Perez*, No. 10-cv-01636 (DMC) (JAD), 2011 WL 221700, at *2 (D.N.J. Jan. 21, 2011) ("Unfair prejudice is usually found when there has been a significant unjustified delay in moving to amend that creates an unfair disadvantage for the defendant.").

Defendants argue that they will be unduly prejudiced because Plaintiffs seek to add entirely new claims more than three years into the case. (Def. Opp. at 21). Defendants allege that they have spent significant time and money completing fact discovery and engaging in expert discovery and Plaintiffs' amendment would necessitate re-opening discovery. (*Id.*). Defendants also submit that their experts will be forced to restart their reports, which were "well-underway" at the time of the stay, and Defendants will potentially need to engage new experts to address issues unique to the statutory claims. (*Id.* at 22). In response, Plaintiffs argue that no additional discovery is needed because the new claims are based on the same underlying conduct, and that they are prepared to move for class certification based on the current evidentiary record. (Pl. Reply at 14-15).

While the Court acknowledges that fact discovery was complete before the stay, the Court finds that there would not be substantial prejudice to Defendants if the amendment is permitted. At oral argument, Defendants told the Court they intended to file a motion to dismiss if Plaintiffs' motion to amend was granted. Accordingly, any potential prejudice can be mitigated by staying discovery pending the outcome of Defendants' forthcoming motion to dismiss. Should any new discovery be necessary should any of the new claims survive Defendants' anticipated motion to dismiss, the Court will afford Defendants adequate time to obtain it and reopen fact discovery if necessary, thereby mitigating any prejudice to Defendants.

16

### c.      Futility

A proposed amendment can also be denied if the amendment is futile. An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face," *Harrison Beverage*, 133 F.R.D. at 468-69 (quoting 6 Wright, Miller & Kane, Federal Practice & Procedure § 1487 at 637-642 (2d ed. 1990)). To determine whether an amendment is insufficient on its face, the Court employs the standard applied to Rule 12(b)(6) motions to dismiss. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

At the August 11, 2025 status conference, Defendants advised the Court that, if the amendment was permitted, they intended to file a dispositive motion to dismiss. The undersigned advised the parties that it would not address futility arguments in the context of this motion to amend. Consistent with this instruction, Defendants provided only a limited analysis of futility in their opposition to the motion to amend. Specifically, Defendants argue that Plaintiffs will be unable to secure class certification for the new claims being advanced in the instant motion for the same reasons that class certification was not permitted in *Drummond*. (Def. Opp. at 19-20). Defendants explain that, like the breach of contract claim, the implied covenant, NJCFA, and NJGBL claims will fail to satisfy the elements of Rule 23 because they all turn on the question of whether each individual class member was paid less than the ACV. (*Id.*). Thus, Defendants posit that the entire premise underlying Plaintiffs' amendment – to obtain class certification – is futile. (*Id.*).[1]

---

[1] As further support of this argument, Defendants submitted supplemental authority on April 6, 2026 (ECF No. 109), referencing the very recent decision in *Williams v. State Farm*, No. 22-cv-1422, 2026 WL 879336 (N.D. Ill. 2026). In *Williams*, the Court denied class certification not only on plaintiffs' breach of contract claim but on claims for breach of the implied covenant of good faith and fair dealing and a New York state statutory claim for unfair and deceptive trade practices. *Id.* at *5, *6 n. 7, *7.

This argument conflates class certification with futility. The fact that these new claims may be incapable of class certification – an issue which has yet to be definitively decided in the Third Circuit – does not mean the claims are futile. *See Sullivan v. DB Invs., Inc.*, 667 F.3d 273, (3d Cir. 2011) (explaining that the focus of a Rule 23 class certification motion is "not what valid claims can plaintiffs assert; rather, it is simply whether common issues of fact or law predominate"). Futility is better suited for consideration in the context of a motion to dismiss. *See Colombo v. Bd. of Educ. for the Clifton Sch. Dist.*, No. 11-cv-0785, 2016 WL 6403081, at *2 (D.N.J. Oct. 27, 2016) ("In the interests of judicial economy and in the absence of undue prejudice, the Court may decline to engage in a detailed futility analysis where the Court finds that these arguments are better suited for consideration in the context of a motion to dismiss.") (citations omitted); *James v. Superior Ct. of N.J.*, No. 21-cv-16769, 2022 WL 4449382, at *2 (D.N.J. Sept. 22, 2022) (declining to consider futility arguments raised in a motion for leave to amend when those arguments had significant overlap with the arguments raised a pending motion to dismiss); *Travelers Cas. & Sur. Co. v. Becton Dickinson & Co.*, No. 14-cv-4410, 2017 WL 349376, at *2 (D.N.J. Jan. 24, 2017) (same); *S.M. v. Freehold Reg'l High Sch. Dist. Bd. of Educ.*, No. 22-cv-107, 2022 WL 4226354, at *3 (D.N.J. Sept. 13, 2022) (finding that futility arguments were better suited for a motion to dismiss instead of a motion to amend). For this reason, the Court will not address futility arguments in the context of this motion to amend. Instead, Defendants may raise these arguments in a motion to dismiss, which they already indicated they fully intend to file.

## ORDER

1. Plaintiffs' Motion to Amend to file a Third Amended Complaint is **GRANTED.**

2. Plaintiffs shall file the Third Amended Complaint attached to their Motion (ECF No. 98-3) by **May 1, 2026**.

3. Defendants shall answer, move, or otherwise respond to the Third Amended Complaint by **May 22, 2026**.

4. Should Defendants file a motion to dismiss, they shall simultaneously submit a letter to the undersigned requesting a stay of any additional discovery pending the outcome of the motion to dismiss. Should Defendants file an answer, rather than a motion, the parties shall meet and confer and submit a proposed scheduling order for the completion of discovery by **June 5, 2026**.

5. The Clerk is directed to terminate the motion at ECF No. 98.

   **SO ORDERED**.

_/s/ Stacey D. Adams_
**STACEY D. ADAMS, U.S.M.J.**
Dated: April 27, 2026